UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FARREN BRYANT,

          Plaintiff,

    v.

M. ATCHLEY, et al.,

          Defendants.

Case No. 21-cv-01347-EMC

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS IN PART,
WITH LEAVE TO AMEND THE
COMPLAINT IN PART**

Docket No. 21

## I.    INTRODUCTION

Farren Bryant, an inmate at the California State Prison - Corcoran in Corcoran, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983. *See* Docket No. 1 ("Complaint"). This matter is now before the Court for consideration of Defendants' motion to dismiss the complaint. *See* Docket No. 21 ("Dismissal Motion" or "MTD"). For the reasons stated below, the Dismissal Motion is granted in part, as to Defendant Atchley, and denied in part, as to Defendant Lam. Also for the reasons stated below, Mr. Bryant is ordered to amend the Complaint to provide more details as to his claim against Defendant Rivera,[1] or to notify the Court that he wishes to stand on the Complaint as pleaded.

## II.    BACKGROUND

A.    Allegations of Complaint

Mr. Bryant alleges the following in his Complaint:

---

[1] The Complaint alternately refers to Defendant Rivera and to Defendant Revira. *See generally*, Compl. Because attempted service on "K. Revira" failed, *see* Docket No. 17, the Court assumes that Rivera is the correct spelling and uses it here, unless directly quoting a prior document.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In 2020, Mr. Bryant was incarcerated in Facility B at Salinas Valley State Prison

2  ("SVSP").  Compl. at 2.  On August 10, 2020, Mr. Bryant was jogging around Facility B's

3  exercise yard when he "stepped [i]n one of many Gopher holes that cover the yard."  *Id*. at 3.[2]  Mr.

4  Bryant contends that, prior to his injury, the "gopher holes [] went ignored for years by the

5  defendant Atchley's assigned ground keepers."  *Id.* at 11.

6    Mr. Bryant's "left knee popped, then buckled," and Mr. Bryant fell.  *Id*. at 3.  When Mr.

7  Bryant attempted to get up, "his knee would not support him."  *Id*.  Mr. Bryant sought medical

8  care for his knee injury.  *See id*.  Non-defendant Nurse Helen gave Mr. Bryant an ice pack on

9  either the day of his injury or the day after.  *See id*. at 3-4.  Two days after his injury, Mr. Bryant

10  again saw Nurse Helen, and expressed concern regarding his injury.  *See id*. at 4.  As a result of his

11  expression of concern, Mr. Bryant was given an x-ray three days after his injury.  *See id*.

12  However, Mr. Bryant was not seen by a doctor on this day.  *See id*.

13    On August 14, 2020, four days after his injury, Mr. Bryant's knee had not improved.  *See*

14  *id*.  On that day, his knee again "buckled and completely gave out."  *Id*.  Mr. Bryant was then

15  given a second x-ray.  *See id*.  Defendant Lam reviewed the second x-ray, told Mr. Bryant that the

16  second x-ray did not reveal any fracture of dislocation, and diagnosed a sprain.  *See id*.  Defendant

17  Lam did not conduct a physical examination of Mr. Bryant's knee, even after Mr. Bryant asked

18  Defendant Lam to do so.  *See id*. at 4-5.  Defendant Lam prescribed the use of a wheelchair and

19  Tylenol.  *See id*.  Mr. Bryant contends that Defendant Lam refused to conduct a physical

20  examination because "defendant Dr. Lam and defendant K. Rivera," the Chief Medical Officer of

21  SVSP, "were attempting to be cost effective."  *Id*. at 6.

22    The prescription for Tylenol and wheelchair use did not resolve Mr. Bryant's pain.  *See id*.

23  at 5.  Mr. Bryant could not extend his knee when seated or when lying in a prone position.  *See id*.

24  On August 25, 2020, Mr. Bryant wrote a Healthcare Grievance requesting an MRI, ultrasound, or

25  surgery.  *See id*.  His request was denied.  *See id*. at 5-7.

26    On August 30, 2020, and September 10, 2020, Mr. Bryant again requested medical care.

27

28  [2] Mr. Bryant filed a grievance regarding these gopher holes on October 30, 2020.  *See* Compl. at 9.
The grievance was granted in part, and the gopher holes were ordered filled.  *See id*., Ex. I.

1     *See id.* at 7.  Mr. Bryant was seen by non-defendant Dr. Garcia via Telemed.  *See id.* at 7-8.  Dr.

2     Garcia prescribed a wheelchair and physical therapy.  *See id.*

3           On October 7, 2020, non-defendant Dr. Saveri performed a physical examination on Mr.

4     Bryant's knee and ordered an MRI.  *See id.* at 8-9.  The MRI was performed on October 29, 2020.

5     *See id.* at 9.  "The MRI revealed [a] Medial Meniscal Tear, Extensive Quadricep Tendon Tear, and

6     Degeneration with Patellar Spurring and Patellar Tendinitis."  *Id.*  On November 9, 2020, Dr.

7     Saveri referred Mr. Bryant to an orthopedic surgeon.  *See id.* at 9.  Mr. Bryant met with the

8     orthopedic surgeon, non-defendant Dr. Lameer, on November 23, 2020.  *See id.* at 10.

9           Dr. Lameer told Mr. Bryant that the three-month delay in seeking surgery had reduced the

10    chance that Mr. Bryant would fully recover from his injury.  *See id.* at 10.  Dr. Lameer stated that

11    the surgery should have been performed no later than two weeks after Mr. Bryant's injury.  *See

12    id.*; *see also id.*, Ex. K ("Suggest repair . . . as soon as possible . . .  Delay would only make the

13    procedure more difficult.").  Mr. Bryant eventually was given surgery to repair his knee.  *See id.* at

14    11.  Despite surgery, his "left [knee] will never properly function normal[ly] again."  *Id.*

15          Mr. Bryant contends that Defendant Atchley violated Mr. Bryant's Eighth Amendment

16    rights by "allowing for hazardous conditions of Gopher holes" and "fail[ing] to adequately

17    supervise hi[m]self/herself or appoint someone else to supervise the yard's ground keepers."  *Id.* at

18    12. Mr. Bryant contends that Defendants Lam and Rivera were deliberately indifferent to Mr.

19    Bryant's medical need, in violation of the Eighth Amendment.  *See id.* at 13.

20    B.    Procedural History

21          This case originally was assigned to Magistrate Judge Joseph Spero, who reviewed the

22    Complaint under 28 U.S.C. §1915A, which requires the district court to identify any cognizable

23    claims, and to dismiss any claims which are frivolous, malicious, fail to state a claim upon which

24    relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

25    Magistrate Judge Spero issued an order of service in which he found that the complaint stated "a

26    cognizable claim for relief against [Defendant] Atchley for violating [Mr. Bryant's] Eighth

27    Amendment rights by being deliberately indifferent to plaintiff's safety," and "a cognizable claim

28    for relief against defendants Lam and Revira [sic] for being deliberately indifferent to [Mr.

United States District Court
Northern District of California

3

1    Bryant's] serious medical needs in violation of his Eighth Amendment rights." Docket No. 8 at 2-

2    3.

3          The case was later reassigned to the undersigned when one of the originally named

4    Defendants could not be served, and thus was unable to consent to a magistrate judge presiding

5    over the case.  Docket Nos. 17-19.  Defendants now move to dismiss the Complaint pursuant to

6    Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Docket No. 21.

7                                    **III.    DISCUSSION**

8          Defendants move to dismiss this action.  *See* Docket No. 21.

9          Specifically, Defendants argue that Mr. Bryant's claims against Defendant Atchley fail

10   because Mr. Bryant alleges only that Defendant Atchley failed adequately to supervise the

11   groundskeepers, which is insufficient to support a claim.  *See id.* at 8-11.  Defendants also argue

12   that the Complaint improperly joined claims and Defendants, and thus should be dismissed under

13   Federal Rules of Civil Procedure 18 and 20.  *See id.* at 4-8.  Defendants make no arguments

14   regarding Defendant Rivera because he has not been served with the Complaint.  *See generally,*

15   *id.*; *see also* Docket No. 17 (stating that no one by that name was employed at SVSP).

16         For the reasons stated below, the Court agrees that Mr. Bryant's claims fail as to Defendant

17   Atchley, and **GRANTS** Defendants' request to dismiss Defendant Atchley from this action.

18   Because Mr. Bryant's claims against Defendant Atchley have been dismissed, the Court finds that

19   Defendants' joinder arguments are moot, and **DENIES** the Dismissal Motion as to those

20   arguments.

21         The Court notes that Mr. Bryant's claims against Defendant Rivera appear to fail for the

22   same reason as his claims against Defendant Atchley: Mr. Bryant alleges no direct involvement

23   from Defendant Rivera in the alleged wrongs, and appears to have named him as a supervisor.

24   The Court thus orders Mr. Bryant to amend his Complaint to identify Defendant Rivera's direct

25   involvement in the alleged Eighth Amendment violations, or to notify the Court that Mr. Bryant

26   intends to stand on his Complaint as pleaded.  If Mr. Bryant chooses the latter, the Court will

27   dismiss Defendant Rivera from this action for the reasons stated below.

28

United States District Court
Northern District of California

4

1    A.      Rule 12(b)(6) Standards

2          Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a

3 complaint on the ground that there is a "failure to state a claim upon which relief can be granted."

4 A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim

5 to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

6 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  The Court "must accept as true all of the

7 factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and

8 must construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

9 The Court need not accept as true allegations that are legal conclusions, unwarranted deductions of

10 fact or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988,

11 *amended*, 275 F.3d 1187 (9th Cir. 2001).

12    B.      Mr. Bryant Cannot Sue a Defendant not Personally Involved in the Wrongs

13          Mr. Bryant's claims against Defendant Atchley fail because Defendant Atchley was not

14 personally involved in the wrongs against Mr. Bryant.

15          Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the

16 plaintiff can show that the defendant's actions both actually and proximately caused the

17 deprivation of a federally protected right.  *Lemire v. Cal. Dept. of Corr. & Rehab.*, 726 F.3d 1062,

18 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Either personal

19 involvement or integral participation of each defendant in the alleged constitutional violation is

20 required before liability may be imposed.  *See Jones v. Williams,* 297 F.3d 930, 936 (9th Cir.

21 2002).  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that

22 show that an individual was personally involved in the deprivation of his civil rights." *Barren*,

23 152 F.3d at 1194.

24          Here, Mr. Bryant fails to identify any personal involvement by Defendant Atchley in the

25 alleged wrongs.  *See generally*, Compl.  The Complaint contains only the following allegations

26 against Defendant Atchley:

27               •   "Defendant Atchley was at all relevant times the Warden of SVSP, and is sued

28                  herein in [his] individual capacity and/or official capacity.  Atchley is and was

United States District Court
Northern District of California

<div style="float:left">United States District Court<br>Northern District of California</div>

1

2

responsible for the overall operations, functions and maintena[n]ce up-keeping at SVSP." *Id*. at 2.

3

4

5

6

7

8

9

• "The defendant Atchley, (et al.), carry the blame of the Gopher holes problem on the Facility B yard at SVSP that caused plain[]tiff's 'major' left knee injury, in violation of the Health and Saf[e]ty Code(s). . . .  The hazardous conditions of a recreation yard being riddled with gopher holes that went ignored for years by the defendant Atchley's assigned ground keepers[] should not have occurred and if the recreation yard was being properly kept then plaintiff would have never suffered a[] knee injury." *Id*. at 11.

10

11

12

13

• Defendant Atchley violated Mr. Bryant's Eighth Amendment rights "by his/her actions of allowing for hazardous conditions of Gopher holes," and" by his/her failure to adequately supervise hi[m]self/herself or appoint someone else to supervise the yard's ground keepers." *Id*. at 12.

14 None of these allegations suggest that Defendant Atchley was personally responsible for walking

15 the grounds and checking for gopher holes, or even that Defendant Atchley was aware there were

16 gopher holes on the exercise yard of Facility B.  Mr. Bryant thus failed to allege facts to show that

17 Defendant Atchley "was personally involved" in causing his gopher hole-induced injury, *Barren*,

18 152 F.3d at 1194, and thus has failed to state a claim against Defendant Atchley.

19 To the extent Mr. Bryant intends to sue Defendant Atchley because, as Warden, he may

20 supervise the SVSP groundskeepers, this is impermissible.  "In a § 1983 suit . . .  masters do not

21 answer for the torts of their servants," so "each Government official, his or her title

22 notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662,

23 677 (2009).  Under no circumstances is there liability under section 1983 on the theory that one is

24 responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th

25 Cir. 1989) ("There is no respondeat superior liability under section 1983.").  It is insufficient for a

26 plaintiff generally to allege that supervisors knew about a constitutional violation and that they

27 generally created policies and procedures that led to the violation. *See Hydrick v. Hunter*, 669

28 F.3d 937, 942 (9th Cir. 2012).  Because Defendant Atchley at most supervised the crew that

1    actually maintained the yard, Mr. Bryant's claim for injury due to the gopher holes lies against the

2    groundskeeping crew, not against Defendant Atchley.

3            Nor would *Monell* liability be appropriate here.  In "limited circumstances," a municipal

4    policy may be based upon the local government's decision not to train certain employees about

5    their legal duty to avoid violating citizens' rights.  *Connick v. Thompson*, 563 U.S. 51 at 61

6    (2011).  The local government's liability under § 1983 is at "its most tenuous," however, when the

7    claim is based on a failure to train.  *Id.*   Only where a failure to supervise and train reflects a

8    "'deliberate' or 'conscious' choice'" by a local government can the "shortcoming be properly

9    thought of as a city 'policy or custom' that is actionable under § 1983."  *City of Canton v. Harris*,

10   489 U.S. 378, 389 (1989).  For *Monell* liability to be based on a failure to train, constitutional

11   violations must be "*so* predictable" that the failure to train amounts to a "*conscious disregard*" for

12   those constitutional rights.  *Connick*, 563 U.S. 51 at 71 (emphasis in original).  Thus, evidence of

13   the failure to train a single employee is ordinarily insufficient to establish that the failure to train

14   was a municipality's deliberate policy.  *Id*. at 66 (evidence of a single *Brady* violation insufficient

15   to establish policy, notwithstanding four other *Brady* violations in past ten years by same

16   prosecutor's office because they did not involve the failure to turn over the same type of evidence

17   to the defense); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th Cir. 2007) (absent

18   evidence of a 'program-wide inadequacy in training,' any shortfall in a single officer's training

19   was classified as negligence rather than deliberate indifference, therefore plaintiff did not meet his

20   burden to withstand summary judgment).  An inadequate training policy cannot be inferred from a

21   single incident.  *Hyde v. City of Wilcox*, 23 F.4th 863, 875 (9th Cir. 2022).  Here, there are no

22   allegations that any other prisoner had ever been injured in the gopher holes, and so Mr. Bryant

23   would have the Court infer a failure-to-train based on a single incident, which is impermissible.

24   *See id*.  There also are no facts to show a system-wide failure to train groundskeepers to fill in

25   gopher holes, which again makes *Monell* liability inappropriate.  *See Blankenhorn*, 485 F.3d at

26   484-85.  Finally, even if Mr. Bryant had presented such evidence, there is no showing that

27   Defendant Atchley was directly and personally responsible for training groundskeepers to fill in

28   gopher holes, and so Mr. Bryant's claim would still depend upon an impermissible theory of

United States District Court
Northern District of California

7

1   respondeat superior. *See Taylor*, 880 F.2d at 1045 ("There is no respondeat superior liability

2   under section 1983.").

3         Mr. Bryant attempts to avoid dismissal by arguing in his Opposition, for the first time, that

4   Defendant Atchley was aware of the gopher holes because SVSP staff had previously been injured

5   by the gopher holes. *See* Opp. at 4-5.  However, Mr. Bryant reiterates that he sued Defendant

6   Atchley as a supervisor rather than a direct participant in the alleged wrong, which is

7   impermissible. *See id*. at 2 (arguing that, because Defendant Atchley was the warden of SVSP, he

8   was responsible for maintenance and for ensuring groundskeepers did their jobs), *id*. at 5 (same);

9   *see also id*. at 2-3 (arguing that Defendant Atchley is liable as the "hiring authority"), *id*. at 6

10   (same).

11         First, if Mr. Bryant had any facts showing Defendant Atchley's personal involvement in

12   Mr. Bryant's injury, those facts needed to be alleged in his Complaint rather than argued in his

13   Opposition. *See generally*, MTD (arguing this point).  As the Ninth Circuit has explained, "[i]n

14   determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint

15   to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to

16   dismiss. . . .  The focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is

17   the complaint." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)

18   (emphasis in original; citations omitted).  It thus would not be proper for the Court to consider

19   allegations raised for the first time in Mr. Bryant's Opposition. *See Shek v. Cal. Nurses*

20   *Ass'n/Caregivers & Healthcare Emps. Union*, No. C-10-1483-EMC, 2010 WL 3155830, at *1

21   (N.D. Cal. Aug. 9, 2010) (noting that the papers the plaintiff submitted in support of his opposition

22   to a dismissal motion "may not be considered for purposes of a motion to dismiss").

23         Second, even were the Court to consider allegations raised in the Opposition rather than in

24   the Complaint, Mr. Bryant's Opposition still would not show that Defendant Atchley may be held

25   liable.  As explained above, it is well-settled that where there is no evidence that the supervisor

26   was personally involved or connected to the alleged violation, the supervisor may not be liable.

27   *See Edgerly v. City and Cnty. of S.F.,* 599 F.3d 946, 961 (9th Cir. 2010).  In other situations in

28   which an inmate sued a "supervisor who was responsible for the day-to-day operations at" a

*United States District Court*
*Northern District of California*

1  facility, the Ninth Circuit has affirmed dismissal of allegations against the supervisor. *See id.* at

2  961. Mr. Bryant made clear in his Opposition that he sued Defendant Atchley as a supervisor

3  rather than because Defendant Atchley directly caused Mr. Bryant's injury, *see* Opp. at 2-3, 5-6,

4  and so his claims still fail even if the Court considers the Opposition's allegations.

5         To the extent Mr. Bryant would argue that Defendant Atchley should be held liable

6  because he was aware of the gopher holes (which, again, is not alleged in the Complaint), even in

7  the Opposition Mr. Bryant does not provide facts to support this argument. Rather, he states that

8  Defendant Atchley's quarterly facility tours, and the fact that staff had previously injured

9  themselves in gopher holes, were "more than enough [to] know the [gopher hole] hazard existed."

10  Opp. at 5. These statements do not demonstrate that Defendant Atchley had actual knowledge that

11  the gopher holes existed and posed a risk to prisoners, as is required to state an Eighth

12  Amendment claim.[3] Rather, for Mr. Bryant's allegation regarding Defendant Atchley's visits to

13  support a contention that Defendant Atchley had subjective knowledge of the gopher holes and the

14  risks they posed, the Court would have to presume (without supporting facts) that Defendant

15  Atchley personally visited Facility B's exercise yard; saw the gopher holes while there; realized

16  that the gopher holes were a recurring problem that the groundskeepers had not fixed, rather than

17  recently dug by wild animals; and decided not to instruct the groundskeepers to fix the holes.

18  Similarly, the allegation regarding staff injuries would require the Court to presume (again without

19  supporting facts) that Defendant Atchley was personally informed when a staff member injured

20  himself; was given details of that injury (e.g., "the staff member fell in a gopher hole on B-yard")

21  rather than a summary (e.g., "the staff member was injured during a fall"); knew that prisoners

22  accessed the same location at which the staff member was injured; and decided not to instruct the

23  groundskeepers to fix the holes. Both conclusions require too many presumptions to be accepted

24

25  [3] *See Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir. 2015) ("To prove deliberate
indifference, subjective recklessness is required, that is, an official 'cannot be found liable under

26  the Eighth Amendment for denying an inmate humane conditions of confinement unless the
official knows of and disregards an excessive risk to inmate health or safety; the official must both

27  be aware of facts from which the inference could be drawn that a substantial risk of serious harm
exists, and he must also draw the inference.' . . . Harrington was not entitled, as he argues here, to

28  urge liability based on constructive knowledge of the risk, a theory of liability the Supreme Court
explicitly rejected in *Farmer*." ) (quoting *Farmer v. Brennan*, 511 U.S. 825, 841-42 (1994)).

United States District Court
Northern District of California

1   here.  Moreover, even if the Court were to accept these conclusions and infer that Defendant

2   Atchley had subjective knowledge of the gopher holes and the risks they posed, this would not

3   overcome the separate bar against holding Defendant Atchley responsible on a theory of

4   respondeat superior.

5   Because the Complaint did not allege any facts to show that Defendant Atchley was

6   personally involved in Mr. Bryant's injury, the claim against Defendant Atchley is **DISMISSED**.

7   Because the Opposition also failed to provide any facts sufficient to overcome the general bar

8   against supervisory liability, dismissal is without leave to amend in this action.

9   For Mr. Bryant's benefit, the Court notes that this means that Mr. Bryant cannot re-allege

10   his safety claim in the instant action, although he could file a new lawsuit on his safety claim at a

11   later date if he sued a proper defendant, such as a groundskeeper.

12   C.      Defendants' Joinder Arguments are Moot

13   Defendants argue that Mr. Bryant improperly sued unrelated Defendants, and filed a

14   lawsuit containing unrelated claims.  MTD at 4-8.  Specifically, Defendants argue that the safety

15   claim for the gopher hole-induced injury against a custodial Defendant Atchley is unrelated to the

16   medical needs claim against medical Defendants Lam and Rivera.  *See id.*

17   The Court dismissed Mr. Bryant's safety claim.  *See supra* III.B.  Thus, the only claim

18   remaining in this action is the medical needs claim, filed against medical defendants.  Defendants'

19   joinder arguments are thus moot, and the Dismissal Motion is **DENIED** as to the medical needs

20   claim.

21   The Court previously found that Mr. Bryant had stated a cognizable claim against

22   Defendant Lam for deliberate indifference to serious medical needs.  *See* Docket No. 8 at 2-3.

23   Because the Court denies Defendants' motion as to that claim, it remains in this action.

24   D.      More Information is Needed about Defendant Rivera

25   As noted above, Mr. Bryant sued two medical personnel: Defendant Lam directly

26   interacted with Mr. Bryant and refused to conduct a physical examination, and Defendant Rivera

27   is the Chief Medical Officer of SVSP.  *See generally*, Compl.

28   The Complaint does not describe any interactions between Mr. Bryant and Defendant

United States District Court
Northern District of California

10

1    Rivera, nor does it include any facts to suggest that Defendant Rivera was familiar with Mr.

2    Bryant's medical needs.  *See generally*, Compl.  Indeed, the only factual allegation as to

3    Defendant Rivera is that he was "attempting to be cost effective."  *Id*. at 6.  The exhibits attached

4    to the Complaint do not mention Defendant Rivera at all.  *See generally*, Compl., Exs.  It therefore

5    appears that, like Defendant Atchley, Mr. Bryant sued Defendant Rivera only because he is a

6    supervisor.

7            As explained *supra* III.A, Mr. Bryant may not proceed against a defendant unless that

8    individual had some personal involvement in the harm done to Mr. Bryant.  Because Mr. Bryant

9    did not include facts to suggest that Defendant Rivera had some personal involvement in the harm,

10   Mr. Bryant's medical needs claim is **DISMISSED** as to Defendant Rivera.  However, because this

11   defect does not appear to be incurable, and because a factually-supported claim against Defendant

12   Rivera would clearly be properly joined to the claim against Defendant Lam, dismissal of the

13   claim against Defendant Rivera is **WITH LEAVE TO AMEND**.  Mr. Bryant may file an

14   amended complaint showing Defendant Rivera's personal involvement in the harm caused to Mr.

15   Bryant, or may inform the Court that he elects to stand upon the original Complaint.  In the latter

16   instance, this action will proceed only against Defendant Lam.

### IV.    CONCLUSION

18           For the foregoing reasons, Defendant's motion to dismiss is **GRANTED in PART and**

19   **DENIED in PART**.  Docket No. 21.  The Court has (a) dismissed without leave to amend the

20   safety claim against Defendant Atchley, (b) declined to dismiss the medical needs claim against

21   Defendant Lam, and (c) granted leave to amend the medical needs claim against Defendant

22   Rivera.

23           If Plaintiff wishes to file an amended complaint, he must file and serve an amended

24   complaint no later than **September 15, 2022.**  The amended complaint must comply with the

25   directions in this order and must include the caption and civil case number used in this order and

26   the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended

27   complaint must be a complete statement of his claims, except that he may not repeat claims the

28   Court has dismissed without leave to amend and may not repeat allegations against defendants the

United States District Court
Northern District of California

1    Court has dismissed from this action.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir.

2    2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not

3    require that they be repled in a subsequent amended complaint to preserve them for appeal.  But

4    for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

5    　　　　If Mr. Bryant does not file an amended complaint by the deadline, or if Mr. Bryant files a

6    notice that he wishes to stand on the allegations in his original Complaint, then the action will

7    proceed as to the medical needs claim against Defendant Lam.  The Court will set a briefing

8    schedule as to that claim upon the receipt of a response from Mr. Bryant, or upon expiration of the

9    deadline to amend.

10   　　　　This order disposes of Docket No. 21.

11

12   　　　　**IT IS SO ORDERED**.

13

14   Dated: July 28, 2022

15

16   _____

17   EDWARD M. CHEN
     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California